Strafford,
Jan. 2, 1952. } No. 4080.

SAMUEL BURTMAN *v.* J. S. BUTMAN *& a. Ex'rs.*

*Upton, Sanders & Upton* and *Samuel Malinow* (of Massachusetts) (*Mr. Sanders* orally), for the plaintiff.

*Hughes & Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for the defendants.

JOHNSTON, C. J.  The general rule is well established that a beneficiary who contests the will will forfeit his share in accordance with a provision in the will therefor.  "(1) An otherwise effective condition precedent, special limitation, condition subsequent or executory limitation which is designed to prevent the acquisition or retention of a devised interest in land or in things other than land in the event of a contest of the will in which such devise is made is valid . . . ."  Restatement, Property, s. 428.  Further authority for the general proposition is found in 67 A. L. R. 52; 57 Am. Jur. 1025, and the cases cited in these two works.  No authority has been discovered in this state for holding valid a testamentary provision in restraint of the right to contest the will, but an interesting comparison is to be found in *Perreault* v. *Hall,* 94 N. H. 191, 194.  There it was held that, "A contract for personal services that contains a provision in restraint of marriage as incidental thereto is valid if the provision is reasonable."

The attack that is involved in the present case is not one upon the entire will, although the will does seek to prevent that, but is one against the validity of a particular provision, the 26th clause of the will.  Clause 32nd penalizes not only an attack upon the entire will but also one upon "the validity of any part" of the instrument.  The contest of a particular provision will result in forfeiture of the contestant's share under the will as well as one of the entire will.  "(1) An otherwise effective condition precedent, special limitation, condition subsequent or executory limitation which is designed to prevent the acquisition or retention of a devised interest in land or in things other than land in the event of any attack upon the validity of particular provisions of the otherwise valid will in which such devise is made is valid . . . ."  Restatement, Property, s. 429.

The American courts have generally held that in passing upon the validity of testamentary clauses against contests of the will, no distinction will be drawn between real and personal property and none will be made because of the presence or absence of a gift over.  "In most jurisdictions the validity of these conditions [against contesting the will and the like] has been assumed whether there is any gift over or not, and whether the property disposed of is realty or personalty."  3 Page, Wills (lifetime *ed.*) 819; 67 A. L. R. 52, 55, 60.  With this view we are in accord.

The exceptions given in the Restatement to the application of the rules stated in said sections 428 and 429 involve contests made

on the ground of a violation of some public policy where there is probable cause. An instance of such public policy is the rule against perpetuities. If it should appear that the 26th clause is invalid because of a violation of public policy or that there was probable cause for such a claim, the plaintiff would not forfeit his legacy. No opinion is here intended to be expressed or implied as to whether such a claim can reasonably be made or if so, whether there could be probable cause for it. "The ultimate conclusion has been reached in a number of cases that a 'no contest' provision is not against public policy." 57 Am. Jur. 1026. However forfeiture of the legacy will not result from a contest if the testamentary disposition disputed is one prohibited by the law on grounds of public policy. This is an exception to the above stated rule upholding a no-contest testamentary provision. 67 A. L. R. 52, 55.

One of the questions transferred asks whether if the 32nd clause is generally valid, there is an exception if the contest is in good faith and for probable cause. The issue of fact whether the plaintiff is acting in good faith and on probable cause cannot be determined until after a hearing on the merits of his appeal. The following is a correct statement of the law as declared by the American courts: "A number of courts have held that such a condition [providing for forfeiture in case of a contest] does not apply to a contest in good faith and on probable grounds; partly on the theory that such a condition is not intended to include a contest under such circumstances, and partly on the theory that such a condition would be contrary to public policy. Other courts have held that a general condition against contest includes contests in good faith and on probable cause." 3 Page, Wills (lifetime *ed.*) 820, 821. A substantial number of cases are cited in notes 12 and 13 for each view.

The intention of the testator as expressed in clause 32nd of the will is clear that the gift under clause 9th would be forfeited in case the plaintiff contested the validity of said clause 26th. No exception whatever is intended if in fact there is a contest. Probably no jurisdiction has stood more steadfastly for giving effect to the intention of the testator rather than to arbitrary rules of law than New Hampshire. "The construction of the will, including the question [of what] the testator intended . . . is determined as a question of fact by competent evidence, and not by rules of law." *Edgerly* v. *Barker*, 66 N. H. 434, 447; *Osgood* v. *Vivada*, 94 N. H. 222, 224.

It should be noted that with respect to the above quoted state-

ments from the Restatement, ss. 428 and 429 of Property, no exception is given based on good faith and probable cause by themselves. These facts are considered only in connection with other grounds for exceptions, such as those involving considerations of public policy. No absolute exception in the case of good faith and probable cause would be made in this jurisdiction. To do so would substantially nullify all no-contest provisions. These factors would be considered only as requirements for preventing a forfeiture when a violation of some public policy is claimed, but not established.

Where the intention of the testator is clear and no question of public policy is involved either in the nature of the provision attacked or the way it or the will came into being, effect will be given to such a no-contest clause as was here provided.

The appeal from the allowance of the first account of the executors is a "contest" under the 32nd clause of the will. The appeal was initiated by the plaintiff. It is for the purpose of having the 26th clause declared invalid and the rest, residue and remainder of the estate passing as intestate property. The plaintiff is one of the heirs-at-law and would benefit most substantially if he succeeded in his contest. The term "contests" in said clause 32nd is expressly made to include an attack upon the validity of the provisions of the instrument. The issue of the validity of the provision is not one instituted by another in which the plaintiff merely joins nor is it one raised by a fiduciary without beneficial interest for an interpretation. The attack made by the plaintiff upon said clause 26th is what the testator sought to avoid by the forfeiture provided for in said clause 32nd.

Since the defendants in their first account have asked for the allowance of payments made in compliance with clause 26th of the will, they cannot complain if the allowance is objected to on the ground of invalidity of the clause. It is true that other methods might have been employed to raise the question of the validity of this clause. However, a proper answer to the allowance of certain payments is that they are made without authority. There is precedent for including in an executor's account the payment of distributive shares. *Parker* v. *Cowell*, 16 N. H. 149. The issue of the validity of clause 26th is properly before the Superior Court.

The acceptance and retention of the $5,000 bequest does preclude the plaintiff from prosecuting his appeal. It is true that there has been no misrepresentation of a material fact on the part of the

plaintiff. It is unnecessary to attach blame to either the plaintiff or the defendants for the payment. The plaintiff may not be entitled both to attack clause 26th and to have the legacy of $5,000. If no question of public policy is involved in his contest of the 26th clause or if his attack on that ground is not made in good faith and for probable cause, then he has forfeited his legacy. Until the plaintiff has established that his contest comes within the exception to the general rule of forfeiture because based upon an alleged violation of public policy urged in good faith and for probable cause, he is not entitled to the legacy. Having accepted the legacy, the plaintiff cannot be permitted to prosecute his appeal so long as he retains it. *Holt* v. *Rice,* 54 N. H. 398.

*Case discharged.*

All concurred.